Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

FILED

2011 JUN -9 PM 3:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA FALCONE, | Case No. CV11-04010 JFW (SPx) |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| RJM ACQUISITIONS LLC, | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Tamara Falcone ("Plaintiff"), is a natural person residing in Los Angeles county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, RJM Acquisitions LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On January 26, 2011, Defendant sent an initial collection letter addressed to Plaintiff's 7-year-old son in connection with an attempt to collect an alleged debt.

7. Defendant is contacting Plaintiff's 7-year-old son and attempting to collect an alleged debt from him, including but not limited to, the January 26, 2011 collection letter, as well as, calls made on January 31, 2011 and February 27, 2011.

8. Defendant is attempting to collect an alleged debt that is not permitted by law, including but not limited to, attempting to collect an alleged debt from Plaintiff's 7-year-old son.

9. On or about February 9, 2011, Plaintiff's counsel sent a letter informing Defendant that Plaintiff had been retained by counsel and to request that they cease and desist from contacting Plaintiff directly.

10. Despite Plaintiff's counsel's efforts, Defendant continued to contact Plaintiff directly including but not limited to a call made on February 27, 2011.

11. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f);

b) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

c) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1));

d) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

e) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10);

f) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

g) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

h) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));

i) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)); and

j) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where

Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§1692c(a)(2).

12. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Statutory damages;

    D. Costs and reasonable attorney's fees; and,

    E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.     Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.     Actual damages;

    C.     Statutory damages for willful and negligent violations;

    D.     Costs and reasonable attorney's fees,

    E.     For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 7th day of June, 2011.

By: _____
Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff